UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CLARKE,

        Petitioner,

v.                                    CASE NO. 05-CV-60151-AA
                                    HONORABLE JOHN CORBETT O'MEARA

CLARICE STOVALL,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION FOR A STAY
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

      Petitioner Tina Marie Clarke has filed a *pro se* application for the writ of habeas corpus. The petition challenges Petitioner's state convictions for first-degree murder and several related offenses. Petitioner is serving a life sentence without the possibility of parole. She claims that (1) the evidence was insufficient to sustain her murder conviction, (2) the prosecutor committed misconduct, (3) the jury instructions were inaccurate, and (4) trial counsel was ineffective for failing to object to the instructions. Respondent alleges that Petitioner exhausted state remedies for these claims, but that the claims lack merit or are procedurally defaulted.

      Currently pending before the Court is Petitioner's motion to stay these proceedings. Petitioner seeks to return to state court where she anticipates raising additional claims in a motion for relief from judgment.

      State prisoners are required to exhaust available state remedies for all their claims before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). However, prisoners are generally limited to filing one application for the writ of

habeas corpus, *see* 28 U.S.C. § 2244(b), and they are required to abide by a one-year statute of limitations, *see* 28 U.S.C. § 2244(d).

If the Court dismissed Petitioner's habeas corpus petition, a subsequent habeas petition likely would be time-barred and deemed a second or successive petition under § 2244(b). In light of these problems, the Supreme Court has held that, under certain circumstances, district courts may stay and hold exhausted claims in abeyance while a prisoner pursues state remedies for their unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005). Although the Supreme Court was faced with a "mixed petition" of exhausted and unexhausted claims in *Rhines*, the High Court stated that "[d]istrict courts . . . ordinarily have authority to issues stays where such a stay would be a proper exercise of discretion." *Id.* at 276 (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). And in another case, the Supreme Court stated that prisoners seeking state postconviction relief may file a "protective" habeas petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines*).

Petitioner has alleged that she wants to raise additional constitutional issues and that her appellate counsel's ineffectiveness is the reason that she failed to raise her new claims in her previous appeal. She does not appear to be engaged in dilatory tactics. Under these circumstances, it would not be an abuse of discretion to stay this case while Petitioner exhausts state remedies for her new claims. Accordingly, Petitioner's motion for a stay is GRANTED.

The Court's stay is conditioned on Petitioner filing a motion for relief from judgment in the trial court within **sixty (60) days** of the date of this order. The stay is further conditioned on

Petitioner filing an amended habeas corpus petition within **sixty (60) days** of exhausting state remedies for her new claims.  Failure to abide by these conditions may result in the dismissal of the amended petition.

The Court **ORDERS** the Clerk of Court to close this case for administrative purposes. Nothing in this order or in the related docket entry is meant to be a adjudication on the merits of Petitioner's claims.

s/John Corbett O'Meara  
UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, September 1, 2006, by electronic and/or ordinary mail.

s/William Barkholz  
Case Manager