UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MARIE CLARKE,

          Petitioner,

v.                                      CASE NO. 05-60151
                                      HON. JOHN CORBETT O'MEARA

MILLICENT WARREN,

          Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY

### I. Introduction

Petitioner Tina Marie Clarke has appealed the Court's denial of her habeas corpus petition. Currently pending before the Court is Petitioner's motion for a certificate of appealability.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds

> without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.  Application

Petitioner's habeas petition challenges her state convictions for murder, conspiracy, armed robbery, and two firearm offenses.  The convictions arose from the robbery and fatal shooting of John and Kim Crider in Grand Blanc Township in 2001.  The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion, *see People v. Clarke*, No. 238359 (Mich. Ct. App. Sept. 16, 2003), and on March 30, 2004, the Michigan Supreme Court denied leave to appeal.  *See People v. Clarke*, 469 Mich. 1026; 679 N.W.2d 60 (2004) (table).  Petitioner filed a motion for relief from judgment, which the trial court denied.  The Michigan Court of Appeals and Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule. 6.508(D).  *See People v. Clarke*, No. 282375 (Mich. Ct. App. Apr. 15, 2008); *People v. Clarke*, 482 Mich. 1032; 769 N.W.2d 193 (2008).

### A. Sufficiency of the Evidence

The first habeas claim alleges that the evidence was insufficient to sustain the jury's verdict on the first-degree murder charges.   Petitioner concedes that she conspired to rob the victims, but she denies conspiring or intending to murder anyone.

The evidence at trial established that Petitioner shot the Criders or aided and abetted a co-defendant in shooting the Criders during an armed robbery or attempt to

commit a robbery. The Court concluded in its dispositive opinion that the evidence was sufficient to find Petitioner guilty of felony murder on an aiding and abetting theory because she handed a loaded gun to a co-defendant, knowing that the co-defendant wanted to shoot the victims. Reasonable jurists would not find the Court's assessment of Petitioner's claim debatable or wrong. The Court therefore declines to issue a certificate of appealability on claim one.

### B.  The Prosecutor

The second habeas claim alleges prosecutorial misconduct during closing arguments. Petitioner contends that the prosecutor vouched for his witnesses, denigrated Petitioner and her attorney, appealed to the juror's civic duty and sympathy for the victim, argued facts not in evidence, inaccurately characterized the evidence, and misrepresented the law.

The Court determined that the prosecutor's comments were proper or not so egregious as to render the trial fundamentally unfair. Reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. The Court therefore declines to issue a certificate of appealability on Petitioner's prosecutorial-misconduct claim.

### C.  The Jury Instructions

The third habeas claim alleges that the trial court gave inaccurate and confusing jury instructions. The trial court's instructions were not perfect. This Court nevertheless determined that the error in the instruction on armed robbery was harmless, that the aiding and abetting instructions were adequate, and that the trial correctly instructed the jury on second-degree murder and on the *mens rea* required for felony murder. Overall,

the trial court properly instructed the jury on the elements of the charged offenses. Reasonable jurists, therefore, would not find the Court's assessment of Petitioner's allegations debatable or wrong. The Court declines to issue a certificate of appealability on Petitioner's claim about the jury instructions.

### D.  The Trial Court's Alleged Abuse of Discretion on State Collateral Review

The fourth and fifth habeas claims allege that the trial court abused its discretion on collateral review of Petitioner's convictions. The Court found no merit in the claims because they allege violations of state law, as opposed to federal constitutional issues. Reasonable jurists would not find it debatable whether Petitioner's allegations state a valid claim of the denial of a constitutional right or whether the Court was correct in its procedural ruling. The Court therefore declines to issue a certificate of appealability on habeas claims four and five.

### E.  The Pathologist

The sixth habeas claim alleges that the State's pathologist perjured herself and testified beyond her level of expertise. The Court determined that the alleged violation of Michigan Rule of Evidence 702 was not a basis for habeas corpus relief and that the alleged perjury on a minor issue was harmless. Reasonable jurists would agree. Consequently, the Court declines to issue a certificate of appealability on Petitioner's claim about the pathologist's testimony.

### F.  Trial and Appellate Counsel

Petitioner's remaining habeas claims allege violations of her right to effective assistance of trial and appellate counsel. The Court determined that trial counsel's

performance was not deficient and that the alleged deficiencies did not prejudice the defense. The Court also determined that appellate counsel was not constitutionally ineffective. Because reasonable jurists would not find the Court's assessment of Petitioner's ineffectiveness claims debatable or wrong, the Court declines to issue a certificate of appealability on those claims.

### III. Conclusion

For all the reasons given above, it is **ORDERED** that Petitioner's motion for a certificate of appealability [dkt. #61] is **DENIED**.

s/John Corbett O'Meara
United States District Judge

Date:  September 14, 2011


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 14, 2011, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager